**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 13-7004**

————————

UNITED STATES OF AMERICA,

              Petitioner - Appellee,

     v.

MICHAEL DEAN WOODS,

              Respondent - Appellant.

————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:12-hc-02091-D)

————————

Submitted:  February 26, 2014          Decided:  March 26, 2014

————————

Before MOTZ and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Rudolf A. Renfer, Jr., Matthew L. Fesak, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Dean Woods appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 (the "Act"), 18 U.S.C. § 4248 (2012). We affirm.

Pursuant to the Act, "[i]f, after [a] hearing, the [district] court finds by clear and convincing evidence that the person is a sexually dangerous person, the court shall commit the person to the custody of the Attorney General." Id. § 4248(d). A "sexually dangerous person" is one "who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others." 18 U.S.C. § 4247(a)(5) (2012). An individual is considered "sexually dangerous to others" if "the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4247(a)(6) (2012).

On appeal, we review a district court's factual findings under § 4248 for clear error and its legal conclusions de novo. United States v. Wooden, 693 F.3d 440, 451 (4th Cir. 2012). Accordingly, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it . . . ." Id. (internal

2

quotation marks omitted).  However, "we may set aside a district court's factual findings if the court failed to properly take into account substantial evidence to the contrary or its factual findings are against the clear weight of the evidence considered as a whole." United States v. Springer, 715 F.3d 535, 545 (4th Cir. 2013) (internal quotation marks and alteration omitted).

Here, Woods argues that the district court clearly erred in crediting the testimony of Dr. Amy Phenix, a psychologist who diagnosed Woods as suffering from Pedophilia and Antisocial Personality Disorder and determined that, as a result, Woods would have serious difficulty refraining from sexually violent conduct or child molestation if released. Woods notes that Dr. Phenix did not meet with him personally before coming to these conclusions and suggests that she may have violated her ethical obligations by failing to explain in her written report to the court what limits, if any, the lack of an in-person interview placed on her evaluation.  Woods claims that the district court clearly erred in ignoring such circumstances when crediting Dr. Phenix's conclusions over those of Dr. Richard Wollert and Dr. Joseph Plaud, who both personally spoke with Woods before finding that he does not suffer from Pedophilia and poses no serious risk of committing an act of sexual violence or child molestation.  For the reasons that follow, we disagree.

3

First, we find no support for Woods' suggestion that Dr. Phenix's failure to interview him rendered her evaluation unethical or inherently less reliable.[*] The ethical standards of the American Psychological Association ("APA") that Woods' identifies do not suggest as much, nor did the testimony during Woods' § 4248 hearing. Dr. Phenix explained that, although she would have liked to have spoken with Woods personally, the substantial record evidence adequately supported her diagnosis and conclusions. Two other psychologists who evaluated Woods agreed. In fact, Dr. Plaud explained that, although his questioning of Woods was generally helpful, he relied primarily on the record evidence to inform his evaluation.

Moreover, Woods has not identified pertinent information that Dr. Phenix may have neglected by not speaking with him personally. To the contrary, Dr. Phenix explained that her conclusions were not altered by her review of Dr. Wollert's report, which transcribed the germane portions of his interview with Woods. Accordingly, we cannot say that Dr. Phenix's inability to interview Woods amounted to substantial evidence contradicting the reliability of her evaluation.

---

[*] We note that Woods declined Dr. Phenix's request for an interview.

4

Our conclusion is not altered by Woods' suggestion that Dr. Phenix may have transgressed the letter of APA ethical rules by neglecting to explain in her written report to the court what limits, if any, her inability to question Woods placed on the quality of her evaluation. Without more, Dr. Phenix's admittedly inadvertent mistake when drafting her report does not, as Woods would have it, necessarily imply unreliability in her final diagnosis or assessment of Woods' risk of future sexual dangerousness. Dr. Phenix rectified her omission during Woods' § 4248 hearing, and, absent evidence to the contrary, the district court was entitled to credit Dr. Phenix's assertion that she could effectively evaluate Woods based on the information available to her. See United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012) (noting that we are "especially reluctant" to second guess district courts' evaluation of expert credibility and assessment of conflicting expert opinions).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5